B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Robert G. Schlegel, in his capacity as Chapter 7 Trustee and not individually | **DEFENDANTS**<br>Brown, Winick Graves, Gross, Baskerville & Schoenbaum, PLC and Edwards Auto Plaza, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey D. Goetz, Bradshaw, Fowler, et al<br>801 Grand Ave., Des Moines, IA  50309<br>(515) 246-5817 | **ATTORNEYS** (If Known)<br>Bradley R. Kruse, Brown, Winick, et al<br>666 Grand Ave., Ste. 2000, Des Moines, IA  50309<br>(515) 242-2460 |
| **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Declaratory Relief seeking a declaration that a $75,000.00 downpayment by dfendant Edwards Auto Plaza, Inc., being held by Brown, Winick, et al., with regard to an Asset Purchase Agreement, is property of the bankruptcy estate.

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Gretter Autoland, Inc. | BANKRUPTCY CASE NO.<br>14-02831-als7 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District of Iowa | DIVISION OFFICE<br>Des Moines, IA | NAME OF JUDGE<br>Hon. Anita L. Schodeen ||
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>Brown, Winick, et al | DEFENDANT<br>Edwards Auto Plaza, Inc. | ADVERSARY PROCEEDING NO.<br>15-30042 ||
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Southern District of Iowa | DIVISION OFFICE<br>Des Moines, IA | NAME OF JUDGE<br>Hon. Anita L. Schodeen ||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Robert G. Schlegel, Chapter 7 Trustee, Plaintiff* ||||
| DATE<br>January 7, 2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Robert G. Schlegel, Plaintiff |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>**GRETTER AUTOLAND, INC.,**<br><br>    Debtor and Debtor in Possession.<br><br>PO Box 947<br>Washington, IA 52353<br><br>EIN: 20-8695006<br>_____<br><br>**ROBERT G. SCHLEGEL, ESQ., IN HIS CAPACITY AS CHAPTER 7 BANKRUPTCY TRUSTEE AND NOT INDIVIDUALLY**<br><br>    Plaintiff,<br>v.<br><br>**BROWN, WINICK, GRAVES, GROSS, BASKERVILLE & SCHOENEBAUM, PLC,**<br><br>and<br><br>**EDWARDS AUTO PLAZA, INC.,**<br><br>    Defendants.<br>_____ | Case No.: 14-02831-als7<br><br>Chapter 7 (Converted from Chapter 11)<br><br>Hon. Anita L. Shodeen<br><br><br>Adversary Proceeding No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>No Hearing Set |

**COMES NOW**, Robert G. Schlegel, Esq., the duly-appointed and acting Chapter 7 Bankruptcy Trustee (the "Chapter 7 Trustee" or the "Plaintiff"), and not in his individual capacity, by and through his duly-employed counsel, Jeffrey D. Goetz, Esq. and Krystal R. Mikkilineni, Esq., of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and hereby submits his Complaint asserting claims against Brown, Winick, Graves, Gross, Baskerville &

Schoenebaum, PLC ("Brown Winick") and Edwards Auto Plaza, Inc. ("Edwards"), and would show this Honorable Court as follows:

## PRELIMINARY STATEMENT

1.      This is an adversary proceeding brought under Bankruptcy Code Section 541(a), seeking a declaration that the Deposit is property of the bankruptcy estate.

## PARTIES

2.      Gretter Autoland, Inc. (the "Debtor") is the Debtor in the above-captioned Chapter 7 case.

3.      The Plaintiff, Robert G. Schlegel, Esq., is the duly-appointed and acting Chapter 7 Bankruptcy Trustee.

4.      The Defendant, Brown Winick, is an Iowa professional liability company engaged in the business of the practice of law.  Its principal offices are located in Des Moines, Iowa.  The Defendant represented the Debtor as its general reorganization counsel in the Chapter 11 bankruptcy.

5.      The Defendant, Edwards, is an Iowa corporation engaged in the business of selling new and used automobiles at various locations within the state of Iowa.  Edwards' principal place of business is in Council Bluffs, Iowa.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 157(b) and 1334(b) and Bankruptcy Rule 7001.  Venue is proper pursuant to 28 U.S.C. § 1409(a).

7.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

## FACTUAL BACKGROUND

8. On December 1, 2014 (the "Petition Date"), the Debtor filed its Petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). The Debtor operated as a Debtor in Possession pursuant to Bankruptcy Code Sections 1107 and 1108 until the case was converted to Chapter 7 on October 9, 2015 (Docket Item 321).

9. On March 16, 2015, the Debtor and Edwards Auto Plaza, Inc. ("Edwards") entered into an Asset Purchase Agreement (the "APA") for the purchase of substantially all of the Debtor's assets. The Debtor and Edwards amended the APA on June 5, 2015 (collectively, the "Amended APA").

10. Pursuant to the APA, Edwards made a $75,000 deposit (the "Deposit") as part of the purchase price, which is being held in the Debtor's trust account at Brown Winick.

11. On August 27, 2015, Edwards notified Brown Winick in writing that it was terminating the APA due to the Debtor's failure to cure or even respond regarding the defaults that had been raised and demanded return of the Deposit.

12. Edwards filed an action on September 4, 2015 against Brown Winick in the Iowa District Court for Pottawattamie County seeking recovery of the Deposit from the Brown Winick.

13. On October 9, 2015, an Order was entered converting the case to Chapter 7 (Docket Item 321).

14. Upon conversion of the case, the Chapter 7 Trustee sent a letter to the Defendant requesting that Brown Winick transfer the Deposit to the Chapter 7 Trustee.

15. Brown Winick filed an adversary complaint in this Court on October 9, 2015 for interpleader relief (Adv. No. 15-30042, Docket Item 1) along with a Motion for Authority to

Deposit Funds with the Clerk of Court in a Non-Income Earning Account (Adv. No. 15-30042, Docket Item 2).

16. Edwards filed a Motion to Dismiss the adversary complaint and an Objection to Brown Winick's Motion on November 3, 2015 (Adv. No. 15-30042, Docket Items 7 and 8, respectively).

17. The Chapter 7 Trustee filed a Joinder in the Complaint for Interpleader Relief filed by Brown Winick on November 6, 2015 (Adv. No. 15-30042, Docket Item 11).

18. On November 19, 2015, the Court entered an Order requiring the Deposit be distributed to the Court, which would then deposit the funds into a U.S. Treasury non-interest bearing account.

19. The funds were never distributed to the Court and on December 7, 2015, the Court entered an Order dismissing the adversary proceeding (Adv. No. 15-30042, Docket Item 18).

20. Brown Winick filed a Motion for Relief from Order on December 7, 2015, which is currently pending before the Court (Adv. No. 15-30042, Docket Item 19).

21. Edwards filed an Objection to Brown Winick's Motion for Relief from Order on January 5, 2016 (Adv. No. 15-30042, Docket Item 21).

## CAUSE OF ACTION
(Declaratory Judgment)

22. The Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint, as if set forth here in full.

23. A controversy exists regarding whether the Deposit is property of the Debtor's bankruptcy estate. Pursuant to Federal Rule of Bankruptcy Procedure 7001(9) and the Federal

4

Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., the Plaintiff seeks the following declaratory relief:

   a. A declaration that the Deposit is property of the Debtor's bankruptcy estate; and

   b. A ruling allowing the Plaintiff to initiate and prosecute any action the Plaintiff determines may be necessary or appropriate to turnover the Deposit to the bankruptcy estate.

**WHEREFORE**, the Plaintiff requests judgment as set forth above in Paragraph 23, and for such other and further relief as the court may deem just and proper.

Dated: January 8, 2016                          Respectfully submitted,

/s/     *Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq., IS #9999366
Krystal R. Mikkilineni, IS #9997703
Bradshaw Fowler Proctor & Fairgrave P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com
mikkilineni.krystal@bradshawlaw.com

Counsel for Chapter 7 Trustee