# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re GRETTER AUTOLAND, INC., <br><br>        Debtor. | Case No. 14-02831-ALS11[1] <br><br> Chapter 11 |

## ALLY FINANCIAL INC.'S MOTION TO GIVE IMMEDIATE EFFECT TO ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Secured Creditor, Ally Financial Inc. ("Ally"), submits its Motion for Relief from the Automatic Stay authorizing it to foreclose its security interest against Debtor's vehicles and other collateral identified below, respectfully showing the Court as follows:

Ally hereby moves the Court for entry of an order amending the Court's previous order granting Ally relief from the automatic stay [*Docket No. 237*] pursuant to Bankruptcy Rule 9023 so that relief from stay is effective immediately on the grounds that the unforeseen delay in a ruling on Debtor's motions to assume and assign the Ford and GM Sales and Service Agreements potentially jeopardizes Ally's collateral. Amendment of the prior order to provide for immediate relief from the automatic stay is necessary to prevent potential damage to Ally's collateral.

---

[1] Jointly administered with: *In re Gretter Ford Mercury, Inc.*, Case No. 14-02832-ALS11; and *In re Gretter Chevrolet Company*, Case No. 14-02833-ALS11.

The motion is based upon this Motion to Give Immediate Effect to Order Granting Relief from the Automatic Stay, the Declaration of Donald H. Cram in Support of Ally Financial Inc.'s Motion, this Court's Order entered July 24, 2015 [*Docket No. 237*], Ally's Motion for Relief from Stay with Memorandum of Points and Authorities [*Docket No. 78*] and all other papers and pleadings on file in Debtor's bankruptcy case.

## I.     INTRODUCTION

Ally is Debtor's "floor plan" or "inventory" lender and financed Debtor's acquisition of its inventory of cars and trucks for resale to consumers. Ally has a perfected, first priority security interest in Debtor's inventory of vehicles as well as all parts, furniture, fixtures, equipment and general intangibles (primarily the franchise value), and the proceeds generated by the sale of those assets ("the Collateral").

Ally filed a motion for relief from the automatic stay on February 12, 2015 [*Docket No. 78*]. On July 24, 2015 at the evidentiary hearing on Ally's motion, counsel for the Unsecured Creditor's Committee ("Committee") and counsel for Debtor withdrew their respective objections to Ally's motion [*Docket Nos. 91 and 101*]. On July 27, 2015, the Court entered an Order [*Docket No. 237*] granting Ally's motion for relief from the automatic stay ("Relief from Stay Order"). However, the effectiveness of the Relief from Stay Order was deferred pending the Court's ruling on Debtor's motions to assume and assign the Ford and GM Sales and Service Agreements [*Docket Nos. 168 and 169*] ("Motions to Assume and Assign"). Although Ally believed that a ruling on the Motions to Assume and Assign would be forthcoming on or shortly after August 4, 2015, subsequent motions to supplement the evidentiary record were filed by GM and Debtor [*Docket Nos. 245 and 247*]. The Court has set a further hearing on the motions to supplement the record to take place on August 17, 2015 [*Docket No. 248*].

2

The unforeseen delay in ruling on Debtor's Motions to Assume and Assign and the lack of funds available to Debtor to dealership expenses gives rise to the possibility that Debtor will be unable to keep the dealerships open which in turn places Ally's Collateral in jeopardy. Ally is at risk because the lion's share of its Collateral consists of Debtor's vehicle inventory. The vehicle inventory is rolling stock which can be easily removed from the business premises and hidden to prevent Ally from recovering all or some of its Collateral. The Debtor's dealership premises is open and therefore it is impossible to secure the vehicle inventory on the dealership premises. In addition, Debtor has insufficient funds to enable it to pay post-petition insurance premiums for insurance that protects Ally's vehicle collateral. Absent payment of the premiums, this insurance will lapse, further undermining the protection of Ally's Collateral. As such, Ally requests that the Court amend its Relief from Stay Order to make it effective immediately so that Ally may secure, protect and repossess its Collateral in accordance with state law.

## II. STATEMENT OF FACTS

1. On December 1, 2014 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Iowa (the "Bankruptcy Court").

2. Debtor is an automobile dealership engaged in the business of selling and leasing vehicles to retail customers and servicing vehicles for customers.

3. Prior to the Petition Date, Ally provided Debtor financing for Debtor's acquisition of vehicle inventory to be used in its dealership operations. Generally speaking, Debtor entered into wholesale financing agreements and other loan agreements with Ally, as well as security agreements granting Ally a lien in the inventory financed, as well as the proceeds, products, rents, issues and profits of such inventory. The financing agreements, security agreements and all related

3

ancillary documents entered into in financing individual vehicles are hereafter referred to as the "Loan Documents". The collateral pledged to secure the Loan Documents is hereinafter referred to as the "Collateral". The titles and dates of the Loan Documents are identified and attached to Ally's Opposition to Emergency Motion Authorizing Use of Cash Collateral [*Docket No. 24*].

4. The interests granted to secure the amounts financed by Ally are evidenced by UCC-1 Financing Statements filed in the State of Iowa, and thus, Ally holds a properly perfected lien in the Collateral. The filing numbers and dates of the UCC-1s are also set forth and attached to Ally's Opposition to Emergency Motion Authorizing Use of Cash Collateral [*Docket No. 24*].

5. On February 12, 2015, Ally filed a motion seeking relief from the automatic stay seeking to enforce its security interests in its Collateral including but not limited to taking possession of Ally's vehicle collateral pursuant to applicable law [*Docket No. 78*].

6. On February 19, 2015, Debtor filed an objection to Ally's motion [*Docket No. 91*].

7. On March 6, 2015, the Committee filed an objection to Ally's motion [Docket No. 101].

8. On May 29, 2015, Debtor filed the Motions to Assume and Assign [*Docket Nos. 168 and 169*].

9. The Court scheduled an evidentiary hearing for July 24, 2015 on Ally's Motion for Relief from Stay as well as on Debtor's Motions to Assume and Assign.

10. On July 24, 2015 during the evidentiary hearing counsel for the Committee and counsel for Debtor withdrew their respective objections to Ally's Motion for Relief from the Automatic Stay.

11.     On July 27, 2015, the Court entered its Relief from Stay Order granting Ally's motion for relief from the automatic stay [*Docket No. 237*]. However, the effectiveness of the Relief from Stay Order was deferred pending the Court's ruling on Debtor's Motions to Assume and Assign.

12.     On July 27, 2015, the Court entered orders on the Debtor's Motions to Assume and Assign allowing for additional briefing to be filed on or before July 31, 2015 [*Docket Nos. 238 and 239*]. In these orders the Court indicated that the Motions to Assume and Assign would be placed under advisement on August 4, 2015.

13.     On July 31, 2015, GM filed a motion to supplement the evidentiary record with respect to the Motions to Assume and Assign [*Docket No. 245*].

14.     On August 3, 2015, Debtor filed a motion to supplement the evidentiary record with respect to the Motions to Assume and Assign [*Docket No. 247*].

15.     On August 4, 2015, the Court issued an order setting a telephonic hearing on GM's and Debtor's motions to supplement the record for August 17, 2015 [*Docket No. 248*].

### III.   GROUNDS FOR IMMEDIATE RELIEF

Bankruptcy Rule 9023 allows a party to seek amendment of a Court's order within fourteen days of entry. The Relief from Stay Order was entered on July 27, 2015. So the filing of the instant mtion is timely. In addition, § 362(f) of the Bankruptcy Code provides,

> Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer such damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

11 U.S.C. § 362(f). When creditors face situations where their collateral is in jeopardy, they are not without recourse. In those situations, "the 'congressionally established bankruptcy procedure' is expedited relief under § 362(f) ...." *Transouth Fin. Corp. v. Sharon (In re Sharon),* 234 B.R. 685 (6th Cir. BAP 1999); *In re Williams*, 316 B.R. 534, 542-43 (Bankr. E.D. Ark. 2004); *In re Metromedia Fiber Network, Inc.*, 290 B.R. 493 (Bankr. S.D.N.Y. 2003).

In this instance, the Court has already granted Ally's motion for relief from stay (there was never any dispute that Ally was undersecured and that the Debtor is unable to reorganize). However, the effect of that order has been deferred to the Court's ruling upon the Motions to Assume and Assign. The further delay in ruling on the Motions to Assume and Assign has resulted in the distinct probability that Debtor's dealerships will close which jeopardizes Ally's Collateral. Under these circumstances, the Court should give immediate effect to the Relief from Stay Order so that Ally may take the steps necessary to secure, protect and repossess its Collateral in accordance with state law.

### IV.   CONCLUSION

For the reasons set forth above, Ally respectfully requests that this Court:

1.   Issue an order amedning the Relief from Stay Order giving it immediate effect authorizing Ally to enforce its security interests in its Collateral including but not limited to taking possession of Ally's vehicle collateral pursuant to applicable law;

2.   Waive the 14 day waiting period under Bankruptcy Rule 4001(a)(3);

3.   Issue an order directing Debtor to cooperate with Ally in turning over and surrendering the Collateral to Ally; and

4.   Enter such other and further relief as this Court deems necessary and proper.

DATED:  August  10, 2015    ALLY FINANCIAL INC.

                /s/ Thomas L. Flynn
              Thomas L. Flynn (AT0002596)
              BRICK GENTRY, P.C.
              6701 Westown Parkway, Suite 100
              West Des Moines, IA 50309
              Telephone: (515) 274-1450
              Facsimile: (515) 274-1488
              Email: tom.flynn@brickgentrylaw.com

DATED:  August  10, 2015      /s/ Donald H. Cram
              Donald H. Cram (*Pro Hac Vice*)
              SEVERSON & WERSON, PC
              One Embarcadero Center, Suite 2600
              San Francisco, CA 94111
              Telephone: (415) 398-3344
              Facsimile: (415) 956-0439
              Email: dhc@severson.com

## CERTIFICATE OF SERVICE

The undersigned certifies that **Ally Financial Inc.'s Motion to Give Immediate Effect to Order Granting Relief from the Automatic Stay** and **Declaration of Donald H. Cram in Support of Ally Financial Inc.'s Motion to Give Immediate Effect to Order Granting Relief from the Automatic Stay** was served electronically on all parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing this 10th day of August, 2015.

In addition, the undersigned certifies that on August 10, 2015, I served **Ally Financial Inc.'s Ex Parte Motion to Give Immediate Effect to Order Granting Relief from the Automatic Stay** and **Declaration of Donald H. Cram in Support of Ally Financial Inc.'s Ex Parte Motion to Give Immediate Effect to Order Granting Relief from the Automatic Stay** on the following parties by prepaid first class mail:

| *Debtors* | *Counsel for Debtors* |
|---|---|
| Gretter Autoland, Inc.<br>Gretter Ford Mercury, Inc.<br>Gretter Chevrolet<br>PO Box 947<br>Washington, IA 52353 | Bradley R. Kruse<br>Brown, Winick, Graves, Gross,<br>Baskerville and Schoenebaum, P.L.C.<br>666 Grand Avenue<br>Suite 2000<br>Des Moines, IA 50309-2510 |
| *U.S. Trustee* | *Counsel for U.S. Trustee* |

| | |
|---|---|
| Federal Bldg, Room 793<br>210 Walnut Street<br>Des Moines, IA 50309 | James L Snyder<br>Federal Bldg Room 793<br>210 Walnut Street<br>Des Moines, IA 50309 |
| *Committee of Unsecured Creditors*<br><br>Mark A. Cobb<br>3218 Elm Avenue<br>Brighton, IA 52540 | *Committee of Unsecured Creditors*<br><br>Darwin K. Sherman<br>111 N. Marion Avenue<br>Washington, IA 52353 |
| *Committee of Unsecured Creditors*<br><br>Ronald C. Slechta<br>P.O. Box 430<br>Kaldna, IA 52247 | *Proposed Counsel for Committee of Unsecured Creditors*<br><br>Jeffrey D Goetz<br>Donald F. Neiman<br>Bradshaw, Fowler, Proctor & Fairgrave, P.C.<br>801 Grand Avenue, Suite 3700<br>Des Moines, IA 50309-8004 |
| *Counsel for Washington State Bank*<br><br>H. Raymond Terpstra II<br>Terpstra & Epping<br>3600 First Avenue NE, Suite 101<br>Cedar Rapids, IA 52402 | |

      /s/Yvonne Coleman
     Yvonne Coleman

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re GRETTER AUTOLAND, INC.,<br><br>    Debtor. | Case No. 14-02831-ALS11[1]<br><br>Chapter 11 |

### DECLARATION OF DONALD H. CRAM IN SUPPORT OF ALLY FINANCIAL INC.'S MOTION TO GIVE IMMEDIATE EFFECT TO ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

I, Donald H. Cram, declare:

1.    I am an attorney at law, duly licensed to practice before all courts in the State of California and admitted *pro hac vice* in this particular case. I am a member of the law firm of Severson & Werson, P.C., attorneys of record for Ally Financial Inc. ("Ally"). I make this declaration of my own personal knowledge, except to the extent that I have identified the matters stated as based on my information and belief. If called to testify, I could and would competently testify to the matters stated herein. I make this declaration in support of Ally's Ex Parte Motion to Give Immediate Effect to Order Granting Relief from the Automatic Stay (the "Motion").

2.    On February 12, 2015, Ally filed a motion seeking relief from the automatic stay seeking to enforce its security interests in its Collateral including

---

[1] Jointly administered with: *In re Gretter Ford Mercury, Inc.*, Case No. 14-02832-ALS11; and *In re Gretter Chevrolet Company*, Case No. 14-02833-ALS11.

Case 14-02831-t11 Doc 250 Filed 08/10/15 Entered 08/10/15 16:21:45 Page 1 of 2
Case 14-02831-t11 Doc 250-1 CA Filed 08/10/15 Entered 08/10/15 16:21:45 Desc
Declaration of Donald H. Cram in Support of Motion    Page 2 of 3

but not limited to taking possession of Ally's vehicle collateral pursuant to applicable law [*Docket No. 78*] ("Relief from Stay Motion").

3. On February 19, 2015, Debtor filed an objection to Ally's Relief from Stay Motion [*Docket No. 91*].

4. On March 6, 2015, the Unsecured Creditor's Committee ("Committee") filed an objection to Ally's Relief from Stay Motion [*Docket No. 101*].

5. On May 29, 2015, Debtor filed the Motions to Assume and Assign the Ford and GM Sales and Service Agreements [*Docket Nos. 168 and 169*] ("Motions to Assume and Assign").

6. The Court scheduled an evidentiary hearing for July 24, 2015 on Ally's Relief from Stay Motion as well as on Debtor's Motions to Assume and Assign.

7. On July 24, 2015, during the evidentiary hearing, counsel for the Committee and counsel for Debtor withdrew their respective objections to Ally's Relief from Stay Motion.

8. On July 27, 2015, the Court entered an order granting Ally's Relief from Stay Motion [*Docket No. 237*] ("Relief from Stay Order"). However, the effectiveness of the Relief from Stay Order was deferred pending the Court's ruling on Debtor's Motions to Assume and Assign.

9. On July 27, 2015, the Court entered orders on the Debtor's Motions to Assume and Assign allowing for additional briefing to be filed on or before July 31, 2015 [*Docket Nos. 238 and 239*]. In these orders the Court indicated that the Motions to Assume and Assign would be placed under advisement on August 4, 2015.

10. On July 31, 2015, GM filed a motion to supplement the evidentiary record with respect to the Motions to Assume and Assign [*Docket No. 245*].

Case 8:15-cv-01117-DSM-DKCA Document 10-2 Filed 08/10/15 Page 12 of 12
Case 14-02831 Doc 250 Filed 08/10/15 Entered 08/10/15 16:31:45 Desc
Declaration of Donald H. Cram in Support of Motion    Page 3 of 3

11. On August 3, 2015, Debtor filed a motion to supplement the evidentiary record with respect to the Motions to Assume and Assign [*Docket No. 247*].

12. On August 4, 2015, the Court issued an order setting a telephonic hearing on GM's and Debtor's motions to supplement the record for August 17, 2015 [*Docket No. 248*].

13. On August 6, 2015, I spoke with counsel for Debtor who informed me that the delay in the Court's ruling on the Motions to Assume and Assign placed additional financial pressures upon Debtor to pay expenses of the dealerships.

I declare under penalty of perjury that the foregoing is true and correct. Executed August 10, 2015, at San Francisco, California.

                                          /s/ Donald H. Cram
                                          Donald H. Cram